UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY RAY MELVIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:11-cv-03600-RBP-HGD |
| ) | |
| OFFICER ELI BRIGHAM, ) | |
| ) | |
| Defendant ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jimmy Ray Melvin, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that he had been deprived of rights, privileges, or immunities afforded him under the Constitution or laws of the United States of America during his incarceration at the Jefferson County Jail, in Birmingham, Alabama. The only remaining defendant in this action is Officer Eli Brigham. The plaintiff seeks compensatory damages and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(2), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991).

## CASE HISTORY

On September 21, 2012, the court entered an Order for Special Report directing that copies of the complaint be forwarded to the remaining defendant, Officer Brigham, requesting he file a special report addressing the plaintiff's factual allegations. The parties were advised that the special report, if appropriate, might be construed as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. On December 12, 2012, the defendant filed a special report accompanied by affidavits and copies of certain jail records from the Jefferson County Jail. (Doc. 23). On March 25, 2013, the parties were notified that the court would construe the defendant's special report as a motion for summary judgment and the plaintiff was notified that he would have twenty (20) days to respond to the motion by filing affidavits or other material if he chose. The plaintiff was advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). The plaintiff has failed to respond to the motion for summary judgment. This matter is now before the court on the defendants' special report (Doc. 23) being construed as a motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Because the special report of the defendant is being considered a motion for summary judgment, the court must determine whether the moving party, the defendant, is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Federal Rule of Civil Procedure 56.* In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial, and the moving party is entitled to judgment as a matter of law.

*See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).  As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a *prima facie* case.  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [citations omitted].  Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof.  This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

## PLAINTIFF'S FACTUAL ALLEGATIONS

The plaintiff is a prisoner in the custody of the Alabama Department of Corrections and is presently housed in the Ventress Correctional Facility in Clayton, Alabama.  His complaint centers on events which allegedly occurred at the Jefferson County Jail on April 19, 2011.  After suffering "a diabetic low sugar attack," the plaintiff pressed the call button to obtain medical assistance.  Officer Brigham responded to the call but told the plaintiff his request for medical assistance was "bullshit" and ordered him back to his bunk.  Brigham then allegedly kicked and stomped on the plaintiff's right ankle, causing bruising and swelling, then placed his

foot on the plaintiff's back and slammed him face first into the floor, breaking two of his teeth and causing a large cut across his nose. The plaintiff asserts that Brigham then slammed his face into the floor a second time, causing him to lose consciousness.

### DEFENDANT'S SPECIAL REPORT

The plaintiff was booked into the Jefferson County Jail on April 13, 2011. (Doc. 23, p. 2; Doc. 23-1). At the time of his booking, he advised jail medical personnel that he was suffering from asthma, hypertension, COPD, diabetes, and schizophrenia. (Doc. 23-4, p. 2). He also advised of daily heroin use and, as a result, was placed on a detoxification program. (Doc. 23-8, pp. 19 and 56).[1] On his second day at the jail, April 14, 2011, he reported to the jail medical clinic, stating that he was a "brittle diabetic," had not received his morning dose of a particular medication, and that he thought his blood sugar was high. *Id*. at 66. On that same day, he was examined by one of the jail physicians who notes on the medical record that the plaintiff admits to having hallucinations. (Doc. 23-9, p. 5).

On April 15, 2011, the plaintiff was again taken to the medical clinic, this time complaining of pain in his right foot. (Doc. #23-8, p. 67). The nurse's progress notes

---

[1] The plaintiff was initially housed in the mental health block, but was moved to the medical block on April 18, 2011. (Doc. 23-1, p. 20).

indicate a "slight swelling and redness" and that the ankle was "slight[ly] warm" to the touch. *Id*. The plaintiff told the nurse that the pain had started the night before but that he hadn't complained then because the pain "wasn't that bad." *Id*.

On April 19, 2011, the plaintiff again reported to the medical clinic complaining of pain in his right ankle and an inability to walk. (Doc. 23-8, p. 68). The nurse noted that the ankle was red and warm to the touch, and the plaintiff was provided a bandage and crutches. *Id*. The medical record also indicates that x-rays were ordered. *Id*.

On April 20, 2011, a "code white" signaling a medical emergency concerning the plaintiff was initiated by one of the jailers. (Doc. 23-8, p. 67).[2] The nurse's progress notes indicate that responding medical personnel found the plaintiff sitting on the floor with blood on his face, an abrasion to his nose, and a loose front tooth. *Id*. He advised the responders that his "blood sugar dropped and he fell [while] using crutches." *Id*. The plaintiff's injuries were treated at the scene, he was given glucose, and was referred to the dental clinic. *Id*. He was also examined by a physician the next day, who noted in the progress notes that the plaintiff's injuries were the result of a fall. (Doc. 23-8, p. 70).

---

[2] A deputy initiates a "code white" to signal an inmate's medical emergency by contacting the jail's central control room, who announces the location of the code white so that medical staff can respond. (Doc. 23-10, p. 3).

Captain Ron Eddings, Commander of the Jefferson County Jail, testifies that it is the jail's policy "to document any physical altercation between a deputy and an inmate," and that despite his review of jail incident reports from at and around the time in question, he is unable to locate any report involving the plaintiff. (Doc. 23-10, pp. 3-4). He states unequivocally that "[j]ail personnel cannot find any evidence that any report was ever submitted or that there was an incident that necessitated the need for such a report to be submitted." *Id*. at 4. Captain Eddings acknowledges the plaintiff filed a grievance on July 19, 2011, alleging events similar to those asserted in this action. (*Id*. at 4; Doc. 23-11, p. 2). However, the investigating officer, Sergeant Reeves, indicates on the form that he could find "no records of any physical altercation between [the plaintiff] and deputies." *Id.*

The defendant testifies that he was assigned to Jefferson County Jail during April of 2011 and worked in the area of the jail housing the plaintiff. (Doc. 23-2). He recalls that the plaintiff suffered from diabetes and on occasion would fall, claiming that his blood sugar had dropped. *Id*. During those times, the defendant would inform the medical staff, who would respond and provide treatment. *Id*. at 1-2. The defendant denies ever hitting, kicking, beating, or striking the plaintiff, and he is unaware of any other deputy doing so. *Id*. With respect to the specific incident alleged in the complaint, the defendant states that he was "not at the jail or otherwise at work on Tuesday, April 19, 2011, or on Wednesday, April 20, 2011" and that he

has no knowledge of any events occurring on those dates involving the plaintiff. *Id*. at 2.[3]

## DISCUSSION

Although he was notified on March 25, 2013, that the defendant's special report would be construed as a motion for summary judgment and warned that he would not be entitled to counter the motion by the mere allegations in his pleadings, the plaintiff has failed to file any response to the defendant's motion. In so doing, the plaintiff has failed to refute the defendant's unequivocal testimony that he was not scheduled to work and was not at the jail on the day the alleged vents occurred.[4] Additionally, he has failed to refute the medical records submitted in the special report which show that the plaintiff sustained his injuries in a manner wholly inconsistent with that alleged in the complaint. Even if it were appropriate to consider the allegations in the plaintiff's pre-motion pleadings, the court must view the record as a whole in order to determine if a "genuine" dispute of fact exists. Therefore, when the record as a whole "could not lead a rational trier of fact to find

---

[3] The plaintiff submits a copy of the "Jefferson County Sheriff's Department Weekly Work Record" pertaining to the jail evening shift for the week beginning April 16, 2011. That record reflects that the defendant was off duty on April 19 and 20.

[4] Absent supervisory liability based upon inappropriate customs or policies, it is axiomatic that an officer cannot be held liable under § 1983 for excessive force where he was not personally involved in the events made the basis of the claim. *See Lloyd v. Van Tassell*, 318 Fed.Appx. 755, 761 (11th Cir. 2009); *see also, Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

for the non-moving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007). It seems clear that where, as here, the defendant has carried his burden under Rule 56 by presenting clear and unequivocal evidence that he was not and could not have been involved in events made the basis of the plaintiff's claims, the court is not obliged to deny summary judgment merely because there may remain "some metaphysical doubt as to the material facts." *Id.* Accordingly, the plaintiff having failed to directly respond to the unequivocal testimony of the defendant and the extensive medical record presented in the special report, the court is not required to adopt his version of the facts for purposes of summary judgment when it is "blatantly contradicted by the record" to the point that "no reasonable jury could believe it." *Id.*

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the magistrate judge **RECOMMENDS** the defendant's special report be treated as a motion for summary judgment and, as such, that it be **GRANTED** and this action **DISMISSED WITH PREJUDICE**.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address

any contention raised in the complaint or petition also must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 6th day of August, 2013.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE